RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/11/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

WILLIAM MERCER, #15996-016     DOCKET NO. 11-CV-1496; SEC. P

VERSUS     JUDGE DEE D. DRELL

U.S.A.     MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Before the Court is the *pro se* civil rights complaint of Plaintiff William Mercer, filed pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §1346(b). Plaintiff is an inmate in the custody of the United States Bureau of Prisons, and he is incarcerated at the United States Penitentiary in Pollock, Louisiana (USP-P).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Statement of the Case*

Plaintiff alleges that, on June 9, 2011, he was checking on his legal property when his "prosthetic foot turn [sic] around and hit the steps" causing Plaintiff to fall down the steps into two individuals. Plaintiff claims that the foot turned around because the leg did not fit properly and was partially dry rotted. [Doc. #1, p.2] Plaintiff claims that he had been waiting on a replacement prosthetic leg for more than eight months prior to this incident. He states that he was given the new leg the day after the incident. Plaintiff alleges that the fall caused injury to his

neck and back.

## *Exhaustion*

The FTCA contains its own exhaustion provision, which is jurisdictional. That is, before bringing an action in federal district court under the FTCA, the plaintiff must fully exhaust all administrative remedies. See <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993); <u>Price v. United States</u>, 81 F.3d 520, 521 (5th Cir. 1996).[1] As this Court stated in a prior memorandum order to Plaintiff, **the exhaustion procedures for tort claims under the FTCA are separate and distinct from the exhaustion requirements for a <u>Bivens</u> or other type of claim**. See <u>Lambert v. United States</u>, 2006 U.S. App. LEXIS 21963 (11th Cir. 2006) ; <u>Janis v. United States</u>, 162 Fed. Appx. 642 (7th Cir. 2006). The requirement is jurisdictional in nature, and the filing of a claim with the appropriate agency cannot be waived. See <u>Gregory v. Mitchell</u>, 634 F.2d 199, 203-04 (5th Cir. 1981).

Plaintiff was ordered to amend his complaint to provide evidence of exhaustion under the FTCA. See 28 U.S.C. §1653.

---

[1] 28 U.S.C. §2676(a) provides in part:
An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, **unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency** in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

Plaintiff provided documentation showing that he filed standard administrative remedies, but he evidently did *not* file tort claims with the Bureau of Prisons. Plaintiff was informed at least twice through the administrative remedy process that, "In regard to your request for monetary compensation, be advised the administrative remedy is not the proper documentation to file. You must complete a tort claim form and forward it to the South Central Regional Office for process and review." [Doc. #11-1, p.5, dated 3/5/10; Doc. #11-1, p.7, dated 6/1/10] Plaintiff failed to allege or submit evidence to indicate that he filed the requisite tort claim against the Bureau of Prisons at the appropriate levels.

A federal court complaint must be dismissed for lack of subject matter jurisdiction if the claimant has failed to exhaust his administrative remedies. McNeil v. United States, 508 U.S. 106, 112 (1993). Therefore, **IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED** for lack of jurisdiction.

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this**

Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ____ day of June, 2012.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE